GULF OIL CORPORATION, et al. *v.* THATCH

No. 41675 February 6, 1961 126 So. 2d 501

118

*Boyd & Holifield,* Laurel; *C. C. Richmond, Taylor Carlisle,* Jackson, for appellants.

*Oates & Oates,* Bay Springs, for appellee.

GILLESPIE, J.

D. H. Thatch, appellee here and plaintiff below, sued George A. Vincent and his employer, Gulf Oil Corporation, for damages resulting from a collision between a truck owned and operated by Thatch and an automobile owned by Gulf Oil Corporation and operated for it by Vincent. From a judgment for plaintiff, Vincent and Gulf appeal.

The collision occurred on the east side of the Vossburg-Eucutta paved road which runs generally north and south. The declaration charged, and the evidence for

Thatch was sufficient to justify the jury in finding, that Thatch lawfully entered said highway from a private road running southwest from the highway and after he turned north on his right side of the Vossburg-Eucutta road, Vincent, traveling south, came around a curve at a negligently high rate of speed without keeping a proper lookout and without having his automobile under proper control, and as a proximate result of said negligence, the Vincent automobile ran into the Thatch truck, damaging it and injuring Thatch.

On the other hand, the evidence for Vincent and Gulf was sufficient to have justified a finding by the jury that Vincent was not guilty of the aforesaid acts of negligence, and that Thatch failed to stop before entering the highway from the private driveway, entered the highway from the private road when Vincent's automobile was so close as to constitute an immediate hazard, and that Thatch did not enter the intersection as the law requires but entered it at an angle across the left lane of the Vossburg-Eucutta highway going north, thereby creating an emergency which justified Vincent in cutting to his left in an effort to avoid the collision.

In other words, the testimony was conflicting and would have justified a verdict for or against the plaintiff on the question of liability of Thatch and Gulf.

Appellants assign as error the action of the lower court in overruling a motion for change of venue, but after consideration of all aspects of this assignment, we are of the opinion that the trial judge was justified in overruling the motion.

Appellants next assign as error the granting to the plaintiff below the following instruction: ''The Court instructs the jury for the plaintiff, that the burden of proof to all affirmative matters set up in the defendants answer, as a defense thereto, rest upon the Defendants to prove the same by a clear preponderance of the testimony, and until the Defendants have done so by a pre-

ponderance of the testimony, to the jury's satisfaction, then your verdict should be for the plaintiff.''

██ █ The plaintiff had charged defendants with several acts of negligence as indicated above. In their answer defendants denied all of these charges of negligence and affirmatively charged plaintiff with at least four acts of negligence, and that the negligence of plaintiff was the sole proximate cause of the collision. Under the pleadings and the evidence, the giving of the foregoing instruction was reversible error. It required the jury to find for plaintiff unless defendants proved that plaintiff was guilty of the acts of negligence affirmatively charged against him by defendants. This took away from the jury the question whether plaintiff had proved negligence on the part of defendants and nullified that part of defendants' answer, and the evidence in support thereof, denying the charges of negligence made against them by plaintiff. Moreover, it required defendants to prove *all* affirmative charges. In short, the jury could have found defendants not guilty of any negligence and still would have been required to find for the plaintiff unless defendants sustained all their charges of negligence against the plaintiff.

The above instruction appears to be modeled after Form 435, Mississippi Jury Instructions, Alexander, Vol. 1. The form contained in said Section 435 was copied verbatim from an instruction given plaintiff in Lamar Life Insurance Co. v. Bounds, 200 Miss. 314, 25 So. 2d 707. In that case the only defenses raised by the defendant were affirmative defenses. Since the burden is on the defendant who raises an affirmative defense, the instruction was correct in that case. But in the present case, the defendants defended first on the ground of no negligence on their part, and, second, on the ground that the negligence of plaintiff was the sole proximate cause of the collision.

██ █ The instruction is also erroneous because of the use therein of the words ''to the jury's satisfaction.''

This language has been held to require a party to prove his defense beyond a reasonable doubt. Gulf & S.I.R.R. Co. v. Boone, 120 Miss. 632, 82 So. 335; Powell v. J. J. Newman Lbr. Co., 174 Miss. 685, 165 So. 299.

Appellants also assign as error the refusal of the lower court to grant the defendants the following instruction: "The Court instructs the jury for the defendants that the driver of a vehicle about to enter a highway from a private driveway must yield the right-of-way to all vehicles approaching so closely on said highway as to constitute an immediate hazard, and, if you believe from a preponderance of the evidence in this case that the plaintiff negligently entered the Vossburg-Eucutta Highway from a private driveway at a time when defendant, George A. Vincent, was approaching on said highway so closely as to constitute an immediate hazard, and that the said plaintiff, D. A. Thatch, negligently failed to yield the right-of-way to defendant, George A. Vincent, and that such negligence, if any, was the sole proximate cause of the accident and collision complained of, then, it is your sworn duty to return a verdict for the defendants."

This instruction correctly announces the law and was justified under the pleadings and the evidence, and should have been given. It contained defendants' main theory which was not included in any of the other instructions given the defendants.

Appellants also complain of the admission in evidence over appellants' objection of certain statements appellee made to his physician. In this connection it was shown by the evidence that appellee had been in a serious accident with his truck two months before the accident involved in this suit. It was appellants' contention that appellee sustained all or a part of his personal injuries in said prior accident. Appellee contended that he received no injuries in the first accident. The physician testified that when appellee came to him for treatment appellee told him that the injuries about which he was

complaining were sustained in an accident which happened about the time the accident in question occurred, and that he had not suffered from any physical complaints prior to said accident. The basis of appellants' argument is that the physician's testimony repeating what appellee told him tended to bolster appellee's contentions, and that such testimony was inadmissible under the hearsay rule.

 No hard and fast rule could or should be laid down with reference to whether a physician should be permitted to repeat on the witness stand statements made by the patient to the physician in the course of treatment, and, if so, how much of such statements should be admitted. There is considerable authority holding that a physician may not testify to statements made to him in the course of treatment except statements of then-existing pains, symptoms and complaints. It is sometimes necessary to admit all or a part of the history given the physician by the patient in order to properly relate the physician's testimony to the issues and for its proper understanding. The trial judge should have considerable latitude in the exercise of his sound discretion on this question, depending on the issues and the circumstances of the particular case. Under the particular circumstances in this case, there was some question as to whether appellee received his injuries in the accident involved, or whether he received all or a part of his injuries in an accident that occurred two months earlier. We are of the opinion that the physician should not have been permitted to repeat appellee's statement made in the course of treatment that he received his injuries in the accident involved in this case; nor should the physician have been permitted to testify to statements appellee made that he had not suffered from his physical complaints prior to the accident in question. These statements were not necessary to an understanding of the physician's testimony, but were self-serving declarations and not admissible under the hearsay doctrine. Re-

cent cases bearing on the point include Heiter v. Terminal R.R. Assn. (Mo.), 275 S. W. 2d 612; Jones v. Terminal R.R. Assn. (Mo.), 246 S. W. 2d 356; Cain v. Steely, 173 Kans. 866, 252 P. 2d 909, and Baumhoer v. McLaughlin, 205 S. W. 2d 274.

For the errors discussed above, the case is reversed and remanded for a new trial.

Reversed and remanded.

*McGehee, C.J.,* and *Kyle, Ethridge* and *McElroy, JJ.,* concur.